

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 27, 2020

**FILED BY ECF**

The Honorable Kimba M. Wood
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

     **Re:**    ***United States* v. *Sal Castro*, 19 Cr. 116 (KMW)**

Dear Judge Wood:

     The Government respectfully submits this letter concerning the potential conflict of interest presented by the representation of the defendant, Sal Castro, by defense attorney Benjamin Heinrich, and to propose questions for the Court to pose to the defendant at a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982) to determine if the defendant knowingly and voluntarily waives the potential conflict.

     The defendant, through his counsel, joins in this submission.

     Mr. Heinrich previously represented the defendant's brother, Jose Pena, in a prosecution in the District of New Jersey.  (*See United States v. Pena*, 19 Cr. 545).  On December 18, 2020, Mr. Pena was arrested in possession of approximately 2.5 kilograms of heroin, a large quantity of cash, and a loaded firearm.  On July 31, 2019, Mr. Pena pleaded guilty to one count of conspiring to distribute one kilogram and more of heroin, in violation of Title 21, United States Code, Sections 841(b)(1)(A) and 846.  On November 20, 2019, Mr. Pena was sentenced principally to 135 months' imprisonment.  Mr. Pena was represented by Mr. Heinrich and Mr. Heinrich's son, Jay Heinrich.

     The Government submits that the evidence at trial would establish that Mr. Pena was one of Mr. Castro's co-conspirators in the conspiracy for which Mr. Castro has pleaded guilty. Accordingly, if Mr. Castro is permitted to withdraw his guilty plea and proceed to trial, the Government intends to introduce evidence of the narcotics, cash, and firearm seized from Mr. Pena at a trial against the defendant.

     Because Mr. Heinrich previously represented Mr. Pena in his District of New Jersey case, and now represents Mr. Castro in this case, there is a potential conflict of interest.  For the defendant to waive the conflict, the Court should follow the required process for a *Curcio* hearing:

> At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in the narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

*United States v. Perez*, 325 F.3d 119, 127 (2d Cir. 2003).  The parties have appended to this letter a set of proposed questions which they believe would satisfy these obligations.

In addition, the parties agree that, in the event the potential conflict is waived, it is not necessary for Mr. Castro to be additionally represented by independent counsel who does not suffer any potential conflict of interest.  If the defendant elects to waive the conflict, Mr. Heinrich can present a complete and unencumbered defense, and so no additional measures are necessary to ensure that the defendant receives adequate representation and a fair trial.

Respectfully submitted,


AUDREY STRAUSS
Acting United States Attorney

by:  /s/_____
Michael Krouse
Adam Hobson
Assistant United States Attorneys
(212) 637-2279/2484


cc:    Benjamin Heinrich (by ECF)

## **Proposed *Curcio* Inquiry**

Brief Background and Competence:

1.      How old are you?

2.      How far did you go in school?

3.      Are you under the care of a physician for any condition that affects your ability to reason or understand today's proceedings? If yes, what condition?

4.      Have you taken any alcohol, drugs, or medications within the past 24 hours? If yes, what alcohol/drugs/medications? How much did you take?

5.      Is there anything interfering with your ability to understand what is happening today?

6.      Who are you represented by at this hearing?

        a.      How long have they represented you?

        b.      Are you satisfied with their services so far in this case?

Understanding of Purpose of Hearing:

7.      What is your understanding of the purpose of today's hearing? Do you understand that one purpose for today's hearing is to ensure a complete written record of any waiver of your rights?

        a.      Have you had adequate opportunity to discuss the purpose of today's hearing with your lawyer?

        b.      How long did you discuss the purpose of today's hearing with your lawyer?

8.      Have you been advised of your right to consult with an independent attorney about this hearing?

Jose Pena:

9.      Are you aware that Mr. Heinrich previously represented your brother, Jose Pena, in a case before the District of New Jersey?

        a.      What is your understanding of Mr. Heinrich's representation of Mr. Pena?

                i.      Do you understand that the government may introduce evidence of the drugs, money, and firearm seized from Mr. Pena during your trial?

1) Do you understand that this evidence could support a guilty verdict against you?

2) Do you understand that such evidence could be detrimental to your defense?

ii. Are you aware that in the course of representing Mr. Pena, Mr. Heinrich may have learned confidential information that he is not permitted to disclose to anyone, even to you and even if the information is helpful to your defense?

iii. Not only must Mr. Heinrich keep that information secret, he is also forbidden from using it in any way, even if doing so would be helpful to your case.   Do you understand that?

iv. Specifically, Mr. Heinrich is likely to examine or cross-examine any witness called at trial to offer the evidence of the drugs, money, and gun seized from Mr. Pena, and he will not be permitted to use any confidential information that he learned during his representation of Mr. Pena during their examination or cross-examination.  Do you understand that?

10. Are you aware that Mr. Pena may have interests that are in conflict with your interests?

a. For example, Mr. Pena may have an interest in attributing ownership of the drugs, money, and gun seized from him to you. Do you understand that?

b. Do you understand that there may be other significant ways – beyond that which I just described – in which Mr. Pena's interests could be adverse to yours, and that it is impossible for me or anyone else to predict what those other ways might be?

c. Do you understand that, if Mr. Pena's interests do conflict with your interests, Mr. Heinrich may have ethical obligations to Mr. Pena that conflict with his ethical obligations to you?

d. Do you understand that those conflicting ethical obligations might cause Mr. Heinrich to put Mr. Pena's interests ahead of your interests?

11. Do you understand that the limitations on Mr. Heinrich that we have discussed could have an adverse effect on your defense in this case?

a. Explain in your own words how those limitations could have an adverse effect on your defense in this case.

b.   Do you understand that there are ways in which your lawyer's allegiance to Mr. Pena could adversely affect the way he advises you? Examples could include:

   i.   Whether you should plead guilty or go to trial;

   ii.   Which defenses you should raise;

   iii.   Whether you should testify at trial;

   iv.   Which witnesses should be cross-examined, and what questions they should be asked;

   v.   Which witnesses to call, and what other evidence to offer on your behalf;

      1)   For instance, at trial, you may wish to call Jose Pena as a witness on your behalf. That would pose a conflict for Mr. Heinrich in that most competent defense attorneys would advise their client, in this case Jose Pena, not to testify, as his testimony could lead him to be prosecuted for additional crimes, such as obstruction of justice or perjury;

   vi.   What arguments to make on your behalf to the jury;

   vii.   What arguments to make to the Judge, and what facts to bring to the Judge's attention, before trial, after trial, or at your sentencing?

c.   Let me expand on those examples:

   i.   Do you understand that Mr. Heinrich may not wish to take positions in this case before trial, during trial, or at sentencing that are critical of Mr. Pena, even if doing so may help your defense?

   ii.   Are you aware that Mr. Heinrich may have access to or may have learned information from Mr. Pena that may be helpful in defending you, but that he is absolutely prohibited from using it to defend you, or to examine or cross-examine any witness, because of the attorney-client privilege that applies to the communications between Mr. Heinrich and Mr. Pena?

   iii.   Do you understand that Mr. Heinrich may be limited in making arguments about your level of involvement in the offense, role in the offense, and culpability?

      iv.   Do you understand each of the examples I have given you?

    d.   Have you had adequate opportunity to discuss those limitations and possible adverse effects on your defense in this case with Mr. Heinrich?

    e.   Tell me in your own words what your understanding is of the potential conflicts of interest arising in this situation.

12.   Do you understand that the greatest danger to you is the inability to foresee all of the possible conflicts that might arise because of Mr. Heinrich's prior representation of Mr. Pena?

13.   Do you understand that, as a result, the limitations on your lawyer's ability to defend you in this case could adversely affect you more severely that anyone might currently anticipate?

14.   Do you understand that these possible conflicts have existed since Mr. Heinrich began representing you after your guilty plea, in April 2020?

<u>Right to conflict-free representation</u>:

15.   Do you understand that you have the right to object to Mr. Heinrich's continued representation of you based upon the existence of these possible conflicts of interest?

16.   Do you understand that you have the right to counsel free of conflict, whose loyalty to you is absolutely undivided, who is not subject to any factor that might in any way intrude upon his loyalty to your interests?

    a.   In other words, do you understand that you are entitled to an attorney who has only your interests in mind, and not the interests of any other client?

17.   Have you received any inducements, promises, or threats with regard to your choice of counsel in this case?

18.   Have you had adequate opportunity to discuss the dangers I described with Mr. Heinrich?

19.   Do you understand that you have a right to consult with an attorney free from any conflict of interest about this issue, and that the Court will give you an opportunity to do that if there is any aspect of the information that I have conveyed to you today that you wish to discuss with a conflict-free attorney?

20.   The Court is prepared to adjourn the remainder of this proceeding so that you may consult with a conflict-free attorney – meaning an independent lawyer – about the conflicts of interest I have described to you today. In addition, the Court can

appoint an attorney for you to consult in this matter if you cannot afford one. Would you prefer to adjourn until you can give more thought to this matter?

21. After considering all that I have said today about the ways in which a conflict of interest could adversely affect your defense, do you believe that it is in your best interest to continue with Mr. Heinrich as your attorney? Is that your wish?

22. Do you understand that by choosing to continue with Mr. Heinrich as your attorney in this matter, you are waiving your right to be represented by an attorney who has no conflicts of interest?

23. Are you knowingly and voluntarily waiving your right to conflict-free representation?

24. Do you agree to waive any post-conviction argument, on appeal or otherwise, that by virtue of Mr. Heinrich's representation of Mr. Pena you were denied effective assistance of counsel?

25. Is there anything that I have said that you wish to have explained further?